Jack N. Clemons and Saul Kay, Memphis, Tenn. (Herring, Kay & Clemons, Memphis, Tenn., on the brief), for appellants.

Eugene Thompson, Marks, Miss., for appellee.

Before CECIL, WEICK and O'SULLIVAN, Circuit Judges.

**EQUITABLE LIFE ASSURANCE SOCIE-
TY OF THE UNITED STATES,
Plaintiff,**

v.

**William J. TIMMONS, individually and as
Administrator of the Estate of Charlie
Timmons, deceased, et al., Defendants-
Appellants,**

v.

**Charles REED, Administrator of the Es-
tate of Ouida Reed Timmons, de-
ceased, Defendant-Appellee.**

**No. 14270.**

United States Court of Appeals
Sixth Circuit.

Feb. 25, 1961.

ORDER.

This cause is on appeal from the United States District Court, for the Western Division of Tennessee. It was submitted to the Court upon the record, exhibits, appendices and briefs and oral arguments of counsel.

The question presented involves the interpretation of the Mississippi Simultaneous Death Statute and whether Ouida Reed Timmons survived her husband Charlie Timmons in an automobile collision in which both lost their lives.

The District Judge found, as a matter of fact, from all of the evidence in the case, that the wife did survive her husband for a brief interval.

Upon consideration of all of the matter submitted on the appeal and the findings of the trial judge, we conclude that the finding of fact that the wife Ouida Reed Timmons survived her husband Charlie Timmons is not clearly erroneous. Rule 52, F.R.Civ.P., 28 U.S.C.A.

It is therefore ordered, adjudged and decreed that the judgment of the District Court be and it is hereby affirmed.

7. 7 U.S.C.A. § 1366.